UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOWARD DAVIS,

    Petitioner,

v.

WARDEN MICHAEL MEISNER,

    Respondent.

Case No. 21-CV-1454-JPS

**ORDER**

1. **INTRODUCTION**

On December 22, 2021, Petitioner Howard Davis ("Davis" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

2. **FACTUAL BACKGROUND**

In 2015, following a jury trial in Milwaukee County Case Number 2014CF003716, Davis was convicted of "First-Degree Reckless Homicide" and "First-Degree Recklessly Endangering Safety," both as a party to a crime, by use of a dangerous weapon, and with repeat offender penalty enhancers.[1] *State v. Davis*, 925 N.W.2d 777 (Table), 2018 WL 6584350, at *1 (Wis. Ct. App. Dec. 11, 2018). According to Davis, he was sentenced to a term of 45 years' imprisonment and 17 years' extended supervision. ECF No. 1 at 2.

---

[1] *State of Wisconsin v. Howard D. Davis*, Milwaukee Cnty. Case No. 2014CF003716, https://wcca.wicourts.gov/caseDetail.html?caseNo=2014CF003716&countyNo=40&index=0&mode=details (last visited Jan. 13, 2023).

Davis filed a direct appeal. Therein, he argued that "the trial court erred when it failed to conduct an evidentiary hearing on his claims of ineffective assistance of trial counsel and juror misconduct." *Davis*, 2018 WL 6584350, at *1. Specifically, he alleged that his trial counsel was ineffective by (1) not presenting purported alibi evidence, (2) not obtaining the testimony of a person who was present during the shooting, (3) not adequately questioning a witness regarding the details of her prior convictions, (4) not requesting the other acts jury instruction regarding rap lyrics, (5) not requesting the other acts jury instruction regarding testimony that he failed to notify the police that a victim had shot him, (6) not requesting the jury instruction addressing consideration received by a witness in exchange for testifying, and (7) not requesting a jury instruction addressing the missing recording of that witness's statement. *Id.* He also argued that the trial court erred by (1) applying an incorrect legal standard when it overruled trial counsel's objection to the testimony of the witness whose recorded statement was missing and (2) denying his juror misconduct claim without an evidentiary hearing. *Id.* The Wisconsin Court of Appeals addressed each of Davis's bases for appeal and affirmed the trial court's order and judgment. *Id.* at *6.

Davis petitioned for review to the Supreme Court of Wisconsin. On April 9, 2019, the Supreme Court of Wisconsin denied review. *State v. Davis*, 927 N.W.2d 910 (Table) (Wis. 2019).

On March 21, 2020, Davis filed a Wis. Stat. § 974.06 motion for postconviction relief. ECF No. 1 at 4; *State v. Davis*, 965 N.W.2d 180 (Table), 2021 WL 3627742 (Wis. Ct. App. Aug. 17, 2021). Therein, he argued that his postconviction counsel was ineffective for failing to raise or adequately argue that (1) trial counsel was ineffective for failing to call a witness to

support Davis's alibi, (2) trial counsel was ineffective for failing to investigate Davis's version of events on the night of the shooting, (3) the trial court erred in allowing a witness to testify despite the police losing his recorded statement, (4) the trial court erred in allowing the admission of violent rap lyrics possessed by Davis, (5) the trial court erred when it allowed the jury to review trial transcripts during deliberations, (6) there was a juror misconduct issue, and (7) there was insufficient evidence to convict him. *Davis*, 2021 WL 3627742, at *1. The Wisconsin Court of Appeals affirmed. *Id.* at *4. Davis petitioned for review to the Supreme Court of Wisconsin, which denied review on November 17, 2021. *State v. Davis*, 2021 WL 9781532 (Table) (Wis. 2021).

Now, Davis seeks habeas relief on the following grounds: (1) trial counsel was ineffective by failing to call an alibi witness; (2) trial counsel was ineffective by failing to call a witness who was present at the crime scene; (3) trial counsel was ineffective by failing to adequately question a witness about details of her prior convictions; (4) trial counsel was ineffective by failing to request the other acts jury instruction regarding rap lyrics; (5) trial counsel was ineffective by failing to request the other acts jury instruction regarding testimony that Davis failed to notify the police that a victim had shot him; (6) trial counsel was ineffective by failing to request the jury instruction addressing consideration received by a witness in exchange for testifying; (7) trial counsel was ineffective by failing to request a cautionary instruction addressing the missing recording of a witness's statement; (8) juror misconduct, whereby jurors improperly "spoke to someone outside the courtroom about Davis's trial," ECF No. 8 at 3, and researched Davis's case; (9) postconviction counsel was ineffective by failing to adequately argue Davis's alibi claim; (10) postconviction

Page 3 of 10
Case 2:21-cv-01454-JPS   Filed 01/13/23   Page 3 of 10   Document 12

counsel was ineffective by failing to raise "failure to investigate" as grounds for ineffective assistance of trial counsel, and the Wisconsin Court of Appeals applied the wrong standard to this claim in deciding Davis's Section 974.06 motion; (11) postconviction counsel was ineffective by failing to raise that the trial court erred in allowing a witness to testify despite the police losing his recorded statement; (12) postconviction counsel was ineffective by failing to raise that the trial court erred by allowing violent rap lyrics in at Davis's trial; (13) postconviction counsel was ineffective by failing to raise that the trial court erred by providing the jury with trial transcripts during deliberations; (14) postconviction counsel erred by failing to adequately raise Davis's jury misconduct claim; and (15) postconviction counsel was ineffective by failing to raise insufficiency of the evidence. ECF No. 1 at 6–27; ECF No. 8.

3. **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

Page 4 of 10
Case 2:21-cv-01454-JPS   Filed 01/13/23   Page 4 of 10   Document 12

### 3.1 Timeliness

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied Davis's petition for review on April 9, 2019. *Davis*, 927 N.W.2d 910. Davis did not seek certiorari with the U.S. Supreme Court. ECF No. 1 at 4. Thus, his judgment became final ninety days later, on July 8, 2019. Davis then had one year in which to file his petition (i.e., until July 8, 2020). However, Section 2244(d)(2) tolls the one-year statute of limitations when a petitioner files a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." The time while such an application is pending "shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Davis filed his Wis. Stat. § 974.06 motion on March 31, 2020, in advance of his July 8, 2020 deadline to file a federal habeas petition, which left Davis with 99 days of time to file his federal habeas petition once the motion ceased to be "pending." The Wisconsin Supreme Court denied review on November 17, 2021. *Davis*, 2021 WL 9781532. Thus, Davis's federal habeas petition, filed 35 days later on December 22, 2021, ECF No. 1, is timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Davis fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' December 11, 2018 and August 17, 2021 orders, and the Wisconsin Supreme Court's denial of review as to both, it appears that Davis has fully exhausted each of the 15 grounds in his present petition. *Davis*, 2018 WL 6584350; *Davis*, 2021 WL 3627742.

### 3.3 Procedural Default

The Court next determines whether Davis has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition

when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, on the record before the Court, it appears that some of Davis's grounds may be procedurally defaulted under the doctrines set forth in *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994) and *State v. Romero-Georgana*, 849 N.W.2d 668 (Wis. 2014), both of which the Seventh Circuit has held to be independent and adequate state law grounds precluding federal habeas review. *See Whyte v. Winkleski*, 34 F.4th 617 (7th Cir. 2022); *Garcia v. Cromwell*, 28 F.4th 764 (7th Cir. 2022).

However, "[i]n the habeas context, the application of the independent and adequate state ground doctrine, of which procedural default is an instance, is not jurisdictional." *Wagner v. McDermott*, No. 16-CV-106-PP, 2020 WL 6136123, at *5 (E.D. Wis. Oct. 19, 2020) (quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)). "Procedural default is considered an affirmative defense that the State must raise and preserve to avoid waiver." *Id.* (quoting *Kaczmarek*, 627 F.3d at 591–92).

The Court will consequently allow Davis to proceed on all of his grounds at the screening stage. Such allowance "does not foreclose the respondent from raising procedural default" in an answer and later in the litigation. *Id.* Should Respondent raise procedural default, as to which the Court has expressed concern regarding certain of Davis's grounds, Davis may challenge the defense, or otherwise brief whether any default should be excused through a showing of cause for and prejudice from any such default, or that failure to consider the pertinent issue would result in a fundamental miscarriage of justice. *Whyte*, 34 F.4th at 624; *Garcia*, 28 F.4th at 775; *Bolton v. Apore*, 730 F.3d 685, 696 (7th Cir. 2013).

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Davis's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Davis's properly exhausted grounds, it does not plainly appear that they are frivolous.

### 4. CONCLUSION

Davis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

> b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.
>
> c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

> a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.
>
> b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of

the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2023.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge