# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HOWARD DAVIS,<br><br>      Petitioner,<br><br>v.<br><br>WARDEN MICHAEL MEISNER,<br><br>      Respondent. | Case No. 21-CV-1454-JPS<br><br>**ORDER** |

### 1. INTRODUCTION

On December 22, 2021, Petitioner Howard Davis ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On January 13, 2023, the Court screened the petition under Rule 4 of the Rules Governing Section 2254 Proceedings and found that all 15 grounds for relief survived screening. ECF No. 12. On February 2, 2023, Respondent Warden Michael Meisner ("Respondent") filed a motion to dismiss. ECF No. 15. That motion is now fully briefed, and Petitioner has also moved to file a sur-reply. ECF Nos. 16, 24, 25, 26, 27. Petitioner's motion to file a sur-reply will be granted, and the Court has considered the arguments raised in the sur-reply. ECF No. 26. For the reasons explained below, Respondent's motion to dismiss will be granted, Petitioner's petition will be denied, and the action will be dismissed with prejudice.

### 2. LEGAL STANDARD

State criminal convictions are generally considered final. Review may be had in federal court only on limited grounds. To obtain habeas relief from a state conviction, 28 U.S.C. § 2254(d)(1) (as amended by the

Antiterrorism and Effective Death Penalty Act ("AEDPA")) requires the petitioner to show that the state court's decision on the merits of his constitutional claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Brown v. Payton*, 544 U.S. 133, 141 (2005). The burden of proof rests with the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The relevant decision for this Court to review is that of the last state court to rule on the merits of the petitioner's claim. *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006).

3.  **RELEVANT BACKGROUND**

In 2015, following a jury trial in Milwaukee County Case Number 2014CF003716, Petitioner was convicted of "First-Degree Reckless Homicide" and "First-Degree Recklessly Endangering Safety," both as a party to a crime, by use of a dangerous weapon, and with repeat offender penalty enhancers.[1] *State v. Davis*, 925 N.W.2d 777 (Table), 2018 WL 6584350, at *1 (Wis. Ct. App. Dec. 11, 2018).

Petitioner filed a direct appeal. *Id.* The Wisconsin Court of Appeals addressed each of Petitioner's bases for appeal and affirmed the trial court's order and judgment. *Id.* at *6. On April 9, 2019, the Wisconsin Supreme Court denied review. *State v. Davis*, 927 N.W.2d 910 (Table) (Wis. 2019). On March 21, 2020, Petitioner filed a Wis. Stat. § 974.06 motion for postconviction relief. *State v. Davis*, 965 N.W.2d 180 (Table), 2021 WL 3627742 (Wis. Ct. App. Aug. 17, 2021). The Wisconsin Court of Appeals

---

[1] *State of Wisconsin v. Howard D. Davis,* Milwaukee Cnty. Case No. 2014CF003716, https://wcca.wicourts.gov/caseDetail.html?caseNo=2014CF003716&countyNo=40&index=0&mode=details (last visited May 9, 2023).

addressed each claim and affirmed the trial court's denial of the motion. *Id.* at *4. On November 17, 2021, the Wisconsin Supreme Court denied review. *State v. Davis*, 2021 WL 9781532 (Table) (Wis. 2021).

Petitioner seeks habeas relief on 15 grounds, which are set forth in full below. ECF Nos. 1, 8. Respondent does not contest that all 15 grounds are exhausted; Respondent moves to dismiss instead on the basis that all 15 grounds are procedurally defaulted. ECF No. 15.

## 4. ANALYSIS

### 4.1 Procedural Default as a General Matter

Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Put otherwise, a petitioner has procedurally defaulted if he "violat[ed] a state procedural rule which would constitute adequate and independent grounds to bar direct review in the United States Supreme Court." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9B:1, 1131–32 (2019 ed.). "Thus, a prisoner who fails to satisfy the state procedural requirements forfeits his right to present his claim in federal habeas." *Id*. at 1132. This is so unless the petitioner can show "cause and prejudice or actual innocence." *Id*. This doctrine applies "regardless of whether the default occurred at trial, on appeal, or on state collateral review." *Id*.

### 4.2 Grounds One Through Eight

Petitioner raised the claims underlying Grounds One through Eight on direct appeal. *Davis*, 2018 WL 6584350, at *4–10. Respondent argues that Grounds One through Eight are procedurally defaulted by the doctrine set forth in *State v. Allen*, 682 N.W.2d 433 (Wis. 2004). ECF No. 16 at 4. There, the Wisconsin Supreme Court "emphasized that 'a postconviction motion for relief requires more than conclusory allegations.'" *Whyte v. Winkleski*, 34 F.4th 617, 625 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 576 (2023) (quoting *Allen*, 682 N.W.2d, ¶ 15). "Rather, it must provide '*sufficient material facts*—e.g., who, what, where, when, why, and how—that, if true, would entitle [the defendant] to the relief he seeks.'" *Id.* (quoting *Allen*, 682 N.W.2d, ¶ 36) (emphasis added). The Seventh Circuit has clearly and unequivocally held that "*Allen*'s pleading standard is an adequate and independent state procedural rule" barring federal habeas review. *Id.* (collecting cases); *see also Wilson v. Cromwell*, 58 F.4th 309, 317 (7th Cir. 2023) (same). The Court agrees with Respondent that each Ground is procedurally defaulted under *Allen*.

The Wisconsin Court of Appeals denied the claim underlying Ground One—that Petitioner's trial counsel was ineffective by failing to call an alibi witness— because the evidence proffered by Petitioner did not "provid[e] sufficient facts to establish a potential alibi." *Davis,* 2018 WL 6584350, at *4–5 (citing *Allen*, 682 N.W.2d, ¶ 24) (explaining that hypothetical postconviction motion alleging trial counsel was ineffective for failing to call a witness is insufficient where it "fail[s] to explain how and why" the witness matters; in other words it "fails to include sufficient *material* facts").

The Wisconsin Court of Appeals denied the claim underlying Ground Two—that Petitioner's trial counsel was ineffective by failing to call a witness who was present at the crime scene— because Petitioner had provided the court with only conclusory allegations; "[Petitioner's] motion merely provides . . . the who [and] . . . the why," without "provid[ing] any facts that can be proven (the what, where, when, how) to support his conclusory statement." *Id.* at *5–6 (citing *Allen*, 682 N.W.2d, ¶ 15).

The Wisconsin Court of Appeals denied the claim underlying Ground Three—that Petitioner's trial counsel was ineffective by failing to adequately question a witness about details of her prior convictions— because Petitioner failed to "allege sufficient facts," including "how the names of those convictions would have further attacked [the witness's] character for truthfulness," or the "'why' and the 'how' the names of those crimes would make a difference in his case." *Id.* at *7–8 (citing *Allen*, 682 N.W.2d, ¶ 24).

The Wisconsin Court of Appeals denied the claim underlying Ground Four—that Petitioner's trial counsel was ineffective by failing to request the other acts jury instruction regarding rap lyrics—because Petitioner presented only a "conclusory assertion" with "no analysis of why the rap lyrics constitute evidence of a crime, wrong, or act by him that proved his character." *Id.* at *8 ("This component of Howard Davis's ineffective assistance of counsel claim does not satisfy *Allen*'s pleading requirements."). Instead, Petitioner "merely state[d] that the rap lyrics are other acts evidence that warranted the jury instruction, without reference to any facts or law to support that conclusion." *Id.*

Although the Wisconsin Court of Appeals did not explicitly mention *Allen* as to the claim underlying Ground Five—that Petitioner's trial counsel

was ineffective by failing to request the other acts jury instruction regarding testimony that Davis failed to notify the police that a victim had shot him—it applied the *Allen* pleading standard and adjudicated the claim accordingly. *Id.* at *8–9. In other words, the claim was denied because the "state courts . . . deemed the allegations in petitioner's pleadings too conclusory to satisfy *Strickland*."[2] *Stinson v. Fuchs*, No. 20-CV-1101-JDP, 2023 WL 172481, at *3 (W.D. Wis. Jan. 12, 2023). Specifically, the Wisconsin Court of Appeals denied this claim because Petitioner "fail[ed] to show why his failure to report the shooting to the police was evidence of a crime, wrong, or act by Howard Davis that proved his character"; therefore, he "did not allege sufficient facts" to entitle him to relief. *Davis,* 2018 WL 6584350, at *9.

As with Ground Five, although *Allen* is not explicitly mentioned as to the claim underlying Ground Six—that Petitioner's trial counsel was ineffective by failing to request the jury instruction addressing consideration received by a witness in exchange for testifying—its pleading standard was applied and was dispositive. *Id.* at *9. The Wisconsin Court of Appeals denied this claim because Petitioner "did not present sufficient facts." *Id.* Specifically, Petitioner presented the same facts supporting this claim on appeal as he did to the trial court—"that [a] bail reduction was a concession." *Id.* The trial court found that no concessions were made, and

---

[2]The opinion is also clear that it resolves all the ineffective assistance of trial counsel claims under *Allen*. *Id.* at *4 ("We address each of the seven components of Howard Davis's ineffective assistance of counsel claim and conclude that the trial court properly determined that Howard Davis did not *present sufficient facts* to establish a *prima facie* case of ineffective assistance of counsel.") (emphasis added).

the Wisconsin Court of Appeals determined the finding was supported by the record. *Id.* Because Petitioner presented insufficient facts to show otherwise, the claim was denied. *Id.*

As with Grounds Five and Six, although *Allen* is not explicitly mentioned as to the claim underlying Ground Seven—that Petitioner's trial counsel was ineffective by failing to request a cautionary instruction addressing the missing recording of a witness's statement—its pleading standard was applied and was dispositive. The Wisconsin Court of Appeals denied this claim because Petitioner "did not present sufficient facts." *Id*. at *9–10. The trial court found that the jury heard about the lost recording and that the trial court therefore "did not need to instruct the jury on a matter of evidence that was presented at trial." *Id.* at *10. The Wisconsin Court of Appeals determined the finding was supported. *Id.* Because Petitioner presented insufficient facts to show otherwise, the claim was denied. *Id.*

Finally, Ground Eight—Petitioner's claim of juror misconduct—is also procedurally defaulted under *Allen*. *Id.* at *10–11. The Wisconsin Court of Appeals denied this claim because Petitioner's "allegations do not satisfy the five w's and one h test." *Id.* at *10 (citing *Allen*, 682 N.W.2d, ¶ 23). Specifically, Petitioner does not state which juror received the allegedly improper information, what was communicated, where or when it was communicated, or why the information was potentially prejudicial. *Id.*

Petitioner argues that the Wisconsin Court of Appeals erred in adjudicating the claims underlying Grounds One and Eight[3] because he *did*

---

[3]Petitioner's response brief notes that while Petitioner raised 15 grounds for relief, he "will only pursue the strongest claims" and "plans to abandon most of the 15 ground[s] raised." ECF No. 24 at 1.

provide the Wisconsin Court of Appeals with sufficient facts. ECF No. 24 at 1–3. But "the petitioner may not challenge in the federal proceeding the correctness of the state court's ruling that the petitioner violated the state procedural rule." MEANS, FEDERAL HABEAS MANUAL § 9B:12, 1139. "Whether the state court properly interpreted and applied its procedural rules is solely a state law issue to be decided by the state court." *Id*.

### 4.3  Grounds Nine Through Fifteen

Petitioner raised the claims underlying Grounds Nine through Fifteen in his Wis. Stat. § 974.06 motion. *Davis*, 2021 WL 3627742, at *1. Respondent argues that Grounds Nine through Fifteen are procedurally defaulted under *State v. Romero-Georgana*, 849 N.W.2d 668 (Wis. 2014). ECF No. 16 at 5. The Court agrees, but notes that Grounds Nine through Fifteen are also procedurally defaulted under *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994), *State v. Balliette*, 805 N.W.2d 334 (Wis. 2011), again under *Allen*, 682 N.W.2d 433, and on the independent and adequate application of state evidentiary rules.[4]

---

[4] The Court would be remiss not to comment on Respondent's lack of specificity in his briefing as to Grounds Nine through Fifteen. Respondent summarily designates all seven Grounds as procedurally defaulted on the basis of *Romero-Georgana*—an error with which Petitioner correctly takes issue throughout his response and sur-reply. ECF No. 16 at 4. However, "federal courts have discretion to reach [a] procedural default defense that [the] State raises belatedly and even to raise the subject of procedural default sua sponte." *Lewis v. Sternes*, 390 F.3d 1019, 1029 (7th Cir. 2004). Here, as in *Lewis*, Respondent asserts *a* theory of procedural default, but different theories of procedural default apply to the majority of the Grounds, which the Court has recognized and addressed. This reveals an utter lack of attention to detail on Respondent's part, but principles of comity, federalism, and efficiency require that the Court adjudicate the Grounds as appropriate.

*Escalona-Naranjo* holds that § 974.06 "bars successive postconviction motions unless the defendant can demonstrate a 'sufficient reason' for failing to raise the claim earlier." *Garcia v. Cromwell*, 28 F.4th 764, 767 (7th Cir. 2022) (quoting *Escalona-Naranjo*, 517 N.W.2d at 162–63).

Under Wisconsin law, including *Balliette*, such a "sufficient reason" may be ineffective assistance of postconviction counsel, but subject to a heightened pleading burden: the movant must "allege specific facts that, if true, would establish his postconviction counsel's ineffectiveness." *Id.* (citations omitted); *see also Balliette*, 805 N.W.2d 334, ¶¶ 35–36, 58–60 (holding that the facts that must be alleged mimic those in *Allen*: "the five 'w's' and one 'h' test, 'that is, who, what, where, when, why, and how'" post-conviction counsel was ineffective) (quoting *Allen*, 682 N.W.2d, ¶ 23).

*Romero-Georgana* adds to the story, as applicable here, in holding that where a movant pleads ineffective assistance of postconviction counsel to excuse the default of a claim that was not brought (i.e., the argument is not that post-conviction counsel ineffectively argued a claim but rather never brought it at all), the movant must plead "factual allegations showing that the defaulted claims were 'clearly stronger' than the issues postconviction counsel chose to present." *Garcia*, 28 F.4th at 767 (quoting *Romero-Georgana*, 849 N.W.2d, ¶¶ 45–46).

The Seventh Circuit has held that each of *Escalona-Naranjo*, *Balliette*, and *Romero-Georgana* are independent and adequate procedural grounds barring federal habeas review. *Garcia*, 28 F.4th at 767 (*Escalona-Naranjo* and *Romero-Georgana* are independent and adequate procedural grounds barring federal habeas review); *Roalson v. Noble*, No. 18-CV-1831-PP, 2022 WL 4641023, at *6 (E.D. Wis. Sept. 30, 2022) (citing *Lee v. Foster*, 750 F.3d 687,

694 (7th Cir. 2014) (*Balliette* and *Romero-Georgana* are independent and adequate procedural grounds barring federal habeas review)).

The Wisconsin Court of Appeals held that the claims underlying the following of Petitioner's Grounds for relief were plainly procedurally defaulted under *Escalona-Naranjo*, *Balliette*, and *Romero-Georgana*:

- Ground Nine: Petitioner's postconviction counsel was ineffective by failing to adequately argue Petitioner's alibi claim.

- Ground Ten: Petitioner's postconviction counsel was ineffective by failing to raise "failure to investigate" as grounds for ineffective assistance of trial counsel.

- Ground Eleven: Petitioner's postconviction counsel was ineffective by failing to raise that the trial court erred in allowing a witness to testify despite the police losing his recorded statement.

- Ground Twelve: Petitioner's postconviction counsel was ineffective by failing to raise that the trial court erred by allowing violent rap lyrics in at Petitioner's trial.

- Ground Fourteen: Petitioner's postconviction counsel erred by failing to adequately raise Petitioner's jury misconduct claim.

- Ground Fifteen: Petitioner's postconviction counsel was ineffective by failing to raise insufficiency of the evidence.

*Davis*, 2021 WL 3627742, at *2–4.

The Wisconsin Court of Appeals first noted that the claims underlying five of the above-listed Grounds—Grounds Nine, Ten, Eleven, Twelve, and Fourteen—were previously raised in the § 974.02 motion, denied, and then presented "repackag[ed]" in the § 974.06 motion. *Id.* at *2–3. Because "[i]n some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in

Page 10 of 17
Case 2:21-cv-01454-JPS    Filed 05/09/23    Page 10 of 17    Document 28

an earlier motion or on direct appeal," the court first turned to *Balliette* and *Romero-Georgana*. *Id.* (quoting *Romero-Georgana*, 849 N.W.2d, ¶ 36).

As to Ground Nine, the Court explained that Petitioner failed to address "*how* postconviction counsel's failure . . . was prejudicial, in that [he] has not demonstrated a reasonable probability that the outcome of his trial would be different had his alibi witness testified." *Id.* at *3 (citing *Balliette*, 805 N.W.2d, ¶¶ 24, 70) (movant failed to demonstrate *how*, under the five 'w's' and one 'h' test, postconviction counsel's "purported deficient performance resulted in prejudice to the defense").

As to the claims underlying Grounds Ten, Eleven, Twelve, and Fourteen, the Wisconsin Court of Appeals determined that they were "merely variations of the same claims that were rejected in Davis's initial postconviction motion." *Davis*, 2021 WL 3627742, at *3 (citing *State v. Crockett*, 635 N.W.2d 673, ¶ 15 (Wis. Ct. App. 2001) ("Rephrasing the same issue in slightly different terms does not create a new issue.")). Therefore, these claims were rejected on res judicata grounds, given that the court "describ[ed] [the] ineffective assistance claims as a mere 're-characterization' of the arguments [previously made]." *Warren v. Baenen*, 712 F.3d 1090, 1098 (7th Cir. 2013) (citing *State v. Witkowski*, 473 N.W.2d 512, 514 (Wis. Ct. App. 1991)). In turn, "[t]he application of the *Witkowski* rule means only that the court of appeals' decision on direct appeal, not its later decision, is the decision the federal court reviews in considering a habeas petition." *Robbins v. Hepp*, No. 15-CV-1343, 2022 WL 541560, at *6 (E.D. Wis. Feb. 23, 2022) (citing *Warren*, 712 F.3d at 1098).

In this case, returning to the Wisconsin Court of Appeals' decision on direct appeal, the claims underlying all four of these Grounds were decided based on *Allen*, 682 N.W.2d. *See supra* Section 4.2. Again, this is an

Page 11 of 17
Case 2:21-cv-01454-JPS   Filed 05/09/23   Page 11 of 17   Document 28

adequate and independent state law ground. *Id.*; *see also Johnson v. Reg'l Chief, Unit 517, Wis. Dep't of Corr., Prob. & Parole*, No. 22-CV-366-JDP, 2022 WL 17082827, at *2 (W.D. Wis. Nov. 18, 2022) ("A refusal to consider a claim because it was already litigated isn't a procedural ground, but that doesn't help [petitioner] here. The court of appeals rejected his claims on direct appeal based on multiple types of forfeiture, which is an independent procedural ground.") (citations omitted). Therefore, if the claims underlying all four of these Grounds are the same in both motions, the adequate and independent state law ground—*Allen*—carries the day once again. *See Robbins*, 2022 WL 541560, at *6, 12; *see also Warren*, 712 F.3d at 1098 ("Following the court's implicit instruction, then, to look to the Court of Appeals's decision on direct appeal for a decision on the merits, we find that this court decided a related, but distinct, issue.").

The Court finds that the claims Petitioner presented in both the § 974.02 and § 974.06 motions are indistinguishable. For the claim underlying Ground Ten, Petitioner argued the same underlying factual conduct and parallel legal theories in his § 974.06 motion as his post-conviction counsel did for the claims underlying Grounds One and Two in his § 974.02 motion. *Compare* ECF No. 19-5 at 21–26 (arguing that trial counsel failed to interview witnesses and failed to investigate Petitioner's alibi defense), *with* ECF No. 19-1 at 14–15 (explaining trial counsel's duty to investigate alibi and present defense, as well as failure to call witnesses).[5]

---

[5]Petitioner argued in the § 974.06 motion that post-conviction counsel failed to raise failure to investigate as a standalone claim. However, failure to investigate was raised explicitly in connection with the alibi defense in the § 974.02 motion. ECF No. 19-1 at 13–14 (arguments regarding alibi witnesses that trial counsel allegedly failed to investigate). Petitioner's other contentions in the § 974.06 motion regarding failure to investigate deal with witness inadequacy

The claim underlying Ground Eleven is the same as the claim underlying Ground Seven. *Compare* ECF No. 19-5 at 26–35 (arguing that the trial court erred in allowing testimony from witness despite lost recording), *with* ECF No. 19-1 at 19–24 (same). The claim underlying Ground Twelve is the same as the claim underlying Ground Four. *Compare* ECF No. 19-5 at 35–41 (arguing prejudice from rap lyrics), *with* ECF No. 19-1 at 17–18 (same). Finally, the claim underlying Ground Fourteen is the same as the claim underlying Ground Eight. *Compare* ECF No. 19-5 at 47–52 (arguing juror misconduct based on statements to investigator), *with* ECF No. 19-1 at 25–27 (same).

As to the claim underlying Ground Fifteen, the Wisconsin Court of Appeals denied the claim based on *Romero-Georgana*. *Davis*, 2021 WL 3627742, at *3–4. Specifically, because this claim was raised for the first time in the § 974.06 motion, Petitioner was required to, but did not, "demonstrate that it is 'clearly stronger' than the claims raised in his initial postconviction motion.'" *Id.* at *3 (quoting *Romero-Georgana*, 849 N.W.2d, ¶ 4).

Finally, the Wisconsin Court of Appeals denied the claim underlying Ground Thirteen—that Petitioner's postconviction counsel was ineffective

---

("[Trial counsel] didn't call any witnesses at trial in [Petitioner's] defense"), which was explicitly raised in connection with the claim underlying Ground Two. ECF No. 19-5 at 19.

Petitioner argues as to the instant motion to dismiss that the state court applied the wrong standard to this claim. *See* ECF No. 24 at 17–18. However, based on the Court's preceding analysis, *Witkowski* was the appropriate standard. Further, even though the Wisconsin Court of Appeals commented that the failure to investigate argument was insufficiently developed in the § 974.02 motion, *Davis*, 2018 WL 6584350, at *4 n.4, the underlying factual allegations and legal theories that the court analyzed are the same as those Petitioner raised in the § 974.06 motion, and which the court there found already adjudicated—with which this Court agrees.

Page 13 of 17
Case 2:21-cv-01454-JPS    Filed 05/09/23    Page 13 of 17    Document 28

by failing to raise that the trial court erred by providing the jury with trial transcripts during deliberations—based on similar issues. *Id.* (holding that the claim "is a similar repackaging of a claim previously raised in his initial postconviction motion"). However, instead of relying on res judicata, the Wisconsin Court of Appeals held that the evidence underlying the claim—three jurors' post-trial comments to an investigator—was properly stricken by the circuit court during its review of the § 974.06 motion under Wis. Stat. § 906.06(2). *Id.* Section 906.06(2) prohibits a juror from testifying regarding jury deliberations.

This is an independent and adequate state law ground, which the Wisconsin Court of Appeals itself recognized when it referred to "all" of Petitioner's claims as procedurally barred. *Id.* at *4; *see also Whyte*, 34 F.4th at 623–24 ("Merits review of a habeas clam is foreclosed if the relevant claim rests on a state law ground that is adequate and independent of the merits of the federal claim."); *see also Coleman v. Thompson*, 501 U.S. 722, 737–39 (1991) (explaining the necessity of acknowledging when a state court itself says it adjudicates a claim on independent and adequate state procedural grounds).

Petitioner argues that the Wisconsin Court of Appeals erred by determining that the unverified trial transcripts were matters about which a juror is incompetent to testify, and that the Wisconsin Court of Appeals did not consider the statutory exception permitting testimony on "extraneous prejudicial information." ECF No. 24 at 22; Wis. Stat. § 906.06(2). However, on federal habeas review, the Court does not "entertain an argument urging [it] to find that the [state court] misconstrued state laws or rules of evidence." *Shillcutt v. Gagnon*, 827 F.2d 1155, 1158 (7th Cir. 1987) (analyzing on § 2254 petition question of whether

Page 14 of 17
Case 2:21-cv-01454-JPS   Filed 05/09/23   Page 14 of 17   Document 28

"juror was not competent to testify about . . . a statement" under § 906.06(2)).

Unlike in *Shillcutt*, Petitioner here challenges the Wisconsin Court of Appeals' evidentiary determination. In *Shillcutt*, the Seventh Circuit found the "occasional case" that warranted further review of a state court's "appli[cation] [of § 906.06(2)] and determin[ation] [that] the evidence [was] incompetent" where the state court *also* made a prejudice finding. *Id.* at 1157, 1159. There, the evidence was a juror affidavit regarding another juror's racial slur, which the state court explicitly evaluated and found nonprejudicial. *Id.* at 1157, 1160. This distinction is dispositive. This is not a case where a prejudice or "merits" determination was interwoven with a state procedural rule. The procedural rule was applied independently and adequately, and federal habeas review is foreclosed.

### 4.4 Cause and Prejudice or Miscarriage of Justice

As Petitioner notes, ECF No. 24 at 27, "[p]rocedural default may be excused . . . where the petitioner demonstrates either (1) 'cause for the default and actual prejudice' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016) (quoting *Coleman*, 501 U.S. at 750). In support, Petitioner provides scant argument other than restating the facts supporting his Grounds for relief. ECF No. 24 at 25–27. The argument is unsupported and undeveloped. *See Whyte*, 34 F.4th at 628. For all these reasons, Respondent's motion to dismiss, ECF No. 15, will be granted in its entirety, Petitioner's petition will be denied, and the action will be dismissed with prejudice.

Page 15 of 17
Case 2:21-cv-01454-JPS   Filed 05/09/23   Page 15 of 17   Document 28

## 5. CONCLUSION

For the reasons discussed herein, each of Petitioner's 15 asserted grounds for relief is barred by procedural default. Because the Court is barred from reviewing Petitioner's claims on grounds of procedural default, the Court will grant Respondent's motion to dismiss.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the amended petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). For the reasons discussed above, no reasonable jurists could debate whether Petitioner's grounds were procedurally defaulted. The Court will, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for leave to file a sur-reply, ECF No. 26, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Respondent's motion to dismiss, ECF No. 15, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. See id. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.